UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

**MICHAEL HAWKINS,**

        **Plaintiff,**                                 **REPLY TO PLAINTIFF'S RESPONSE TO PARTIAL MOTION TO DISMISS**

       **-vs.-**                                          **Index: 20-CV-1798 (LJV)**

**DAVID MILLER, et al.,**

        **Defendants.**
_____

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS**

Defendant Petrino submits this reply memorandum to clarify issues brought up by *pro se* plaintiff's opposition to the partial motion to dismiss based on Religion. Defendant Petrino incorporates and does not waive the arguments in the motion papers (Dkt. 37) and will not unnecessarily repeat here in this reply brief.

**POINT I: PLAINTIFF'S ATTEMPT TO AMEND HIS AMENDED COMPLAINT MUST BE DENIED**

The plaintiff fails to offer any substantive arguments to save his claims based on religion. Liberally reading the plaintiff's response papers, instead of addressing how his amended complaint has stated a claim to survive the current motion at hand, he is attempting to assert without explanation that the Court should also include racial discrimination in his Fourteenth Amendment claim (Dkt. 43, pg. 5). The inclusion of new claims or information, or ineffectively seeking to amend the amended complaint, must be denied.

First, leaving to amend the amended complaint should be denied because plaintiff has failed to comply with Local Rule 15 which requires that "[a] movant seeking to amend or supplement a pleading must attach an unsigned copy of the proposed amended pleading as an exhibit to the motion."  This failure deprives the defendant and the Court of a meaningful opportunity to vet his proposed amendments.

Second, plaintiff's untimely attempt to add a racial component to his Fourteenth Amendment claims must be rejected because he has not provided a legitimate explanation or reason for not including this claim at the outset.  The Second Circuit has upheld the denial of a motion to amend in a *pro se* prisoner case on the grounds that the new claims are not sufficiently related to the original claim or, as here, that the new claims were known to the plaintiff at the time he filed the original complaint.  *Jolley v. Meachum*, 210 F.3d 354, 2000 U.S. App. LEXIS 7290, at *2-3 (2d Cir. 2000).  The plaintiff clearly had knowledge of the race/color of all defendants at the time of his filing of the original complaint (Dkt. 1) and of the filing of the amended complaint (Dkt. 17) and has not mentioned any claims of race discrimination up until his recent submission to the Court.  The plaintiff has not elaborated as to how the new claims are related to his original claims.  Accordingly, plaintiff's belated attempt to amend his amended complaint to include race discrimination as a new claim must be denied.

### POINT II: PLAINTIFF'S EQUAL PROTECTION CLAIMS BASED ON RACE ARE TIME-BARRED

Generally, in order for a plaintiff to sustain a claim under 42 USC § 1983, plaintiff must bring an action within three (3) years. CPLR § 214; *see also Bezerra v. County of Nassau*, 846 F. Supp. 214, 218-219 (E.D.N.Y. Mar. 14, 1994).  Plaintiff liberally asserts that defendants violated his equal protection rights on the basis of race.  Plaintiff must have submitted proof of both a racially discriminatory purpose and effect of this action. *Dilworth v. Goldberg*, 914 F. Supp. 2d

433, 468 (S.D.N.Y. Sept. 13, 2012) *citing McCleskey v. Kemp*, 481 U.S. 279, 292-93 (1987). The *Dilworth* Court denied plaintiff-inmate's 1983 Equal Protection claims based on race after he attempted to insert claims based on race animus in a proposed amended complaint, but did not raise any allegation or claims in the complaint. *Id.* at 468. Here, plaintiff's original complaint and amended complaint are completely devoid of any violations based on race. The alleged incident occurred over four (4) years ago (Dkt. 1 and 17) and the statute of limitations has not been tolled.[1]

## CONCLUSION

The bases for dismissal in defendant's partial motion to dismiss stand untested for the Court's consideration. For the foregoing reasons, as well as those stated in defendant's initial motion papers (Dkt. 37), defendant Petrino respectfully requests that this Court grants the partial motion to dismiss based on religion with prejudice and deny further leave to amend along with ordering such other and further relief as this Court deems just and proper.

Dated: September 8, 2022
       Buffalo, New York

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants
BY:  *s/ Jennifer Metzger Kimura*
JENNIFER METZGER KIMURA
Assistant Attorney General, of Counsel
350 Main Street
Main Place Tower, Suite 300A
Buffalo, New York 14202
(716) 853-8477
Jennifer.Kimura@ag.ny.gov

---

[1] Since federal courts follow state court's tolling rules, New York State's equitable tolling rules will not apply as defendant has not "wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." *Keitt v. New York City*, 882 F. Supp. 2d 412, 439 (S.D.N.Y. Aug. 26, 2011); *citing M.D. v. Southington Bd. of Educ.,* 334 F.3d 217, 224 (2d Cir. 2003). Plaintiff has not alleged or demonstrated that defendant has misrepresented or deceived plaintiff to prevent him from filing a claim under racial discrimination and thus, the tolling rules have not been triggered. Therefore, the statute of limitations has expired and plaintiff cannot maintain this action.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL HAWKINS,

        **Plaintiff,**

                                                                                             Index: 20-CV-1798 (LJV)

    **-vs.-**

**DAVID MILLER, et al.,**

        **Defendants.**
_____

## CERTIFICATE OF SERVICE

    I hereby certify that on September 7, 2022, I electronically filed the Reply to Plaintiff's Response to the Partial Motion to Dismiss with the Clerk of the District Court using its CM/ECF system and thereby provided service on the following CM/ECF participant:

**Cheryl Meyers Buth**
MEYERS BUTH LAW GROUP PLLC.
Attorney for Defendant David Miller
21 Princeton Place
Orchard Park, NY 14127

    And, I hereby certify that I have mailed the foregoing, by the United States Postal Service, to the following non-CM/ECF participants:

**Michael Hawkins**
10-A-3367
Coxsackie Correctional Facility
P.O Box 200
Coxsackie, NY 12051

DATED:    September 8, 2022
                    Buffalo, New York

                                            LETITIA JAMES
                                            Attorney General of the State of New York
                                            Attorney for Defendants
                                            BY:  *s/ Jennifer Metzger Kimura*
                                            JENNIFER METZGER KIMURA
                                            Assistant Attorney General, of Counsel
                                            350 Main Street
                                            Main Place Tower, Suite 300A
                                            Buffalo, New York 14202
                                            (716) 853-8477
                                            Jennifer.Kimura@ag.ny.gov